IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **TERESA KYSER** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| **vs.** ) | Civil Action Number |
| ) | **7:08-cv-0444-UWC** |
| **LIFE INSURANCE COMPANY** ) | |
| **OF NORTH AMERICA and THE** ) | |
| **HERTZ CORPORATION,** ) | |
| ) | |
| Defendant. | |

**MEMORANDUM OPINION  DENYING MOTION TO DISMISS**

Before the Court is Defendants' Motion to Dismiss Count I of Plaintiff's Complaint as to Defendant Hertz Corporation and Count II of Plaintiff's Complaint as to both Defendants. (Doc. 9.) For the reasons outlined below, Defendants' Motion to Dismiss Count I will be DENIED; and its Motion to Dismiss Count II will be GRANTED.

I.  Factual Background

This lawsuit was commenced by Plaintiff Teresa Kyser on March 12, 2008. She seeks to recover benefits, declaratory relief, and other damages to enforce her rights under a long-term disability plan ("the Plan"). The Plan is administered by Defendants Hertz Corporation ("Hertz") and insured by Life Insurance Company of North

America ("LINA").  The Plan is covered by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*.

Plaintiff alleges that, while she was an employee of Hertz and while covered under the Plan, she was denied long term benefits after she fractured her leg in a serious fall.  During treatment, she underwent a surgery in which long surgical nails were inserted into her leg, after which she developed scar tissue, a condition which causes significant pain in movement and sitting.  (Compl. 2.)  As a result of the fracture, her leg shortened by at least an inch, causing pain in her leg, hip, and back.  She has been placed on pain medications, including Lortab, Fiorinal, and Lyrica.  (Compl. 3.)

Plaintiff further alleges that, after receiving all due short term disability benefits under the Plan, LINA improperly denied her long term disability benefits application.  She  appealed the denial on October 9, 2006, January 11, 2007, and on March 26, 2007.  LINA denied the request twice;  and, on the third request, asked for a forty-five day extension in which to complete a medial review of the claim.  Ultimately, LINA denied the claim again, after LINA's own employee, the Associate Medical Director, reviewed the claim.  Presumably, this employee's review constituted the "medical review" requested by LINA.  (Compl. 4.)

Plaintiff alleges that LINA has engaged in a pattern and practice of: (1) using

inappropriate medical providers to review medical conditions; (2) ignoring the opinions of treating physicians; and (3) providing vague and conclusory claim denials. (Compl. 5-7.) As damages, she seeks recovery of all wrongfully denied benefits, the future benefits, attorney's fees, an order directing Defendants to allow a third party administrator of the Court's choosing to conduct further examinations of the claim, the removal of LINA as claim fiduciary, and an award of penalties of $110.00 per day for each day Defendants failed to respond to Plaintiff's requests for information. (Compl. 7-12.)

## II. The Parties' Contentions

Defendants have now filed a motion to dismiss Count I of the complaint as to Defendant Hertz and to dismiss Count II as to both Defendants. (Doc. 9.)

Defendants contend that Count I should be dismissed because Hertz had no role in the decision to deny Plaintiff's claim for benefits. Foremost, Defendants assert that Hertz is not a proper Defendant because it is incapable of "providing the relief requested . . . ." *Cook v. Campbell*, 482 F. Supp 2d 1341, 1354 (M.D. Ala. 2007) (quoting *Hunt v. Hawthornes Assocs., Inc.*, 119 F. 3d 888 (11th Cir. 1997)). Secondly, Defendants point out that, in fact, the substance of Count I is directed solely against LINA, which states in part "Defendant LINA wrongfully and in violation of obligations under ERISA refused to pay the Plaintiff long term disability benefits." (*Id.* at 2.) Therefore, even the Plaintiffs own allegations suggest that Hertz is clearly

an improper Defendant.  Lastly, Defendants contend that the Plan is clear that LINA (not Hertz) "shall have the authority, in its discretion, to interpret the terms of the Plan, including the Policies; to decide questions of eligibility for coverage of benefits under the Plan; and make any related findings of fact . . . ."  (*Id.*) (citing Summary of Material Modifications at 17.)[1]

Defendants contend that Count II should be dismissed because it is incompatible with the claim for §502(a)(1)(B) benefits.  (Doc. 9; Def.s' Br. at 1.)  Specifically, Defendants contend that the "catchall" provision, §502(a)(3), is precluded, in light of *Varity Corp. v. Howe*, 516 U.S. 489 (1996).

With respect to Count I, Plaintiff denies the Defendants' contentions. (*See* Doc. 11.)  Relying on the language of ERISA, she maintains that Hertz, as the Plan administrator, is in fact the proper Defendant.  Thus, Plaintiff contends that until the precise name of the Plan is discovered during the discovery process, the plan administrator is the proper party.

With respect to Count II, Kyser contends that (1) they have met the pleading requirements outlined in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), (2) their claims for equitable relief are wholly separate from their claims for contractual

---

[1] Even though Defendants have attached this portion of the Plan to their Motion to Dismiss, the Court will not convert Defendants' motion into one for summary judgment because Plaintiff's complaint relies on the terms of the Plan and Plaintiff is clearly on notice of the Plan and its terms.  *See e.g. Burns v. Rice*, 39 F. Supp 2d 1350, 1353 (M.D. Fla. 1998).

relief, (3) there is no automatic rule barring a § 502(a)(3) and a § 502(a)(1)(b) in the same action.

### III. The Controlling Law

On a Rule 12(b)(6) motion to dismiss, "all well pleaded facts are accepted as true, and all reasonable inferences drawn therefrom are construed in the light most favorable to the plaintiff." *Ehlert v. Singer*, 245 F.3d 1313, 1315 (11th Cir. 2001); *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).

ERISA provides that

> [a]n employee benefit plan may sue or be sued under this title as an entity. Service of summons, subpoena, or other legal process of a court upon a trustee or an administrator of an employee benefit plan in his capacity as such shall constitute service upon the employee benefit plan."

29 U.S.C. § 1132(d)(1) (ERISA § 502). Under this section, service on the Plan administrator is considered service on the Plan.

ERISA's civil enforcement section provides, in pertinent part, that a civil action may be brought

> (1) by a participant or beneficiary–
>     **(A)** for the relief provided for in subsection (c) of this section, or
>     **(B)** to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
> **(2)** by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;
> **(3)** by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of

the plan, or (B) to obtain other appropriate equitable relief (I) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

....

29 U.S.C. 1132 (ERISA § 502)(a).

"[A]n ERISA plaintiff with an adequate remedy under Section 502(a)(1)(B) cannot alternatively plead and proceed under section 502(a)(3)." *Katz v. Comprehensive Plan of Group Insurance Alltel,* 197 F.3d 1084, 1088 (11th Cir.1999); *Varity Corporation v. Howe,* 516 U.S. 489 (1996).

## IV. Analysis

The Defendants admitted in their answer that Hertz is the Plan Administrator. (Doc. 6, ¶ 2, p. 2.) The admission is sufficient to defeat the motion to dismiss Count I of the complaint.  *See* 29 U.S.C. § 1132; *Black and Decker Disability Plan v. Nord*, 538 U.S. 822 (2003); *Helms v. General Dynamics Corp.*, 222 Fed. Appx. 821, 2007 WL 595877 (11th Cir. 2007).  Further discovery may well result in summary judgment for Hertz on this count but that issue will only become ripe after completion of discovery.

Under *Katz,* the Defendants' Motion to Dismiss Count II of the complaint is due to be granted. Clearly, the Plaintiff can receive under Section 502(a)(1)(B) all of the legal and equitable relief to which she is entitled.

## Conclusion

By separate order, the Motion to Dismiss will be granted in part and denied in part.

Done this 30th day of June, 2008.

_____
U.W. Clemon
United States District Judge